GRIEVANCE ADMINISTRATOR V SCHUCK, No. 110880. Reconsideration denied November 24, 1998.

*Orders Entered September 9, 1998:*

PROPOSED AMENDMENT OF MCR 7.305. On order of the Court, this is to advise that the Court is considering an amendment of Rule 7.305 of the Michigan Court Rules. Before determining whether the proposal should be adopted, changed before adoption, or rejected, this notice is given to afford any interested person the opportunity to comment on the form or the merits of the proposal. We welcome the views of all who wish to address the proposal or who wish to suggest alternatives.

As whenever this Court publishes an administrative proposal for comment, we emphasize that publication of this proposal does not mean that the Court will issue an order on the subject, nor does it imply probable adoption of the proposal in its present form.

[The present language would be amended as indicated below:]

RULE 7.305. CERTIFIED QUESTIONS.

(A) [Unchanged.]

(B) From Other Courts.

(1) When a federal court , or state appellate court , or tribal court considers a question that Michigan law may resolve and that is not controlled by Michigan Supreme Court precedent, the court may on its own initiative or that of an interested party certify the question to the Michigan Supreme Court.

(2)-(5) [Unchanged.]

*Staff Comment*: The change in MCR 7.305(B)(1) has been proposed by the Representative Assembly of the State Bar of Michigan, upon a recommendation from the Standing Committee on American Indian Law. The committee is charged with improving the relationship between Michigan state courts and the courts of the eleven Indian tribes in Michigan that have received federal recognition.

The staff comment is published only for the benefit of the bench and bar and is not an authoritative construction by the Court.

Publication of this proposal does not mean that the Court will issue an order on the subject, nor does it imply probable adoption in its present form. Timely comments will be substantively considered and your assistance is appreciated by the Court.

A copy of this order will be given to the secretary of the State Bar and to the State Court Administrator so that they can make the notifications specified in MCR 1.201. Comments on this proposal may be sent to the Supreme Court Clerk within 60 days after it is published in the *Michigan Bar Journal*. When filing a comment, please refer to our file number 98-24.

PROPOSED AMENDMENT OF CANON 7 OF THE MICHIGAN CODE OF JUDICIAL CONDUCT. On order of the Court, this is to advise that the Court is considering an amendment of Canon 7 of the Michigan Code of Judicial Conduct. Before determining whether the proposal should be adopted, changed before adoption, or rejected, this notice is given to afford any interested person the opportunity to comment on the form or the merits of the proposal. We welcome the views of all who wish to address the proposal or who wish to suggest alternatives.

As whenever this Court publishes an administrative proposal for comment, we emphasize that publication of this proposal does not mean that the Court will issue an order on the subject, nor does it imply probable adoption of the proposal in its present form.

[The present language would be amended as indicated below:]

CANON 7

A Judge or a Candidate for Judicial Office
Should Refrain From Politial Activity
Inappropriate to Judicial Office

A. [Unchanged.]

B. Campaign Conduct.

(1) A candidate, including an incumbent judge, for a judicial office:

(a)-(d) [Unchanged.]

(e) should not offer or give anything of value to a person, firm, entity, or organization in return for an endorsement of the candidate. The payments or reimbursement for provable costs of the publication of the endorsement, once obtained, shall not be considered the offering or giving of anything of value for the purpose of this rule.

(2) These provisions govern a candidate, including an incumbent judge, for a judicial office:

(a)-(e) [Unchanged.]

(f) A candidate should make reasonable efforts to ensure that the conduct of committee members and other campaign workers is compatible with the standards of conduct that apply to the candidate.

(g) A candidate is responsible for conduct of a committee member or other campaign worker that would violate these canons if engaged in by the candidate, and the candidate either orders the conduct or, having knowledge of the relevant facts, ratifies the conduct. Nothing in this section shall prevent fund-raising as permitted by Canon 7(B)(2)(b).

(h) A candidate should keep a copy or recording of all campaign literature and other written or recorded communications for a period of two years from the date of the election for which such literature or other communication was last used.

(3) [Unchanged.]

C.-D. [Unchanged.]

*Staff Comment*: The changes in Canon 7 have been proposed by the State Bar of Michigan.

The staff comment is published only for the benefit of the bench and bar and is not an authoritative construction by the Court.

> Publication of this proposal does not mean that the Court will issue an order on the subject, nor does it imply probable adoption in its present form. Timely comments will be substantively considered and your assistance is appreciated by the Court.

A copy of this order will be given to the secretary of the State Bar and to the State Court Administrator so that they can make the notifications specified in MCR 1.201. Comments on this proposal may be sent to the Supreme Court Clerk within 60 days after it is published in the *Michigan Bar Journal*. When filing a comment, please refer to our file number 98-23.

*Rehearings Denied September 10, 1998:*